UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WEX HEALTH, INC.,
    *Plaintiff*,

v.

BASIC BENEFITS, LLC *et al.*,
    *Defendants*.

No. 3:20-cv-1653 (JAM)

**ORDER DENYING MOTION TO DISMISS OR COMPEL ARBITRATION**

Plaintiff WEX Health Inc. has sued defendant Total Administrative Services Corp. over a business dispute. Total has moved to dismiss or compel arbitration, arguing that the parties agreed to arbitrate cases like this one. The parties *did* agree to that. But there's a catch: later, they agreed that cases like this one must be brought in a Connecticut court. Because their second agreement overrides the first, I will deny Total's motion to dismiss or compel arbitration.

#### BACKGROUND

All the parties are in the benefits industry. WEX offers software and services that third-party benefits administrators use to provide benefit administration services to their plan-sponsor customers (*e.g.*, employers).[1] Total is a third-party administrator that helps employers manage their workers' benefits.[2] Benefit Administrative Services International Corporation ("Old Basic") did the same thing.[3] In 2019, Old Basic merged into Total, and Total formed a subsidiary called Basic Benefits, LLC ("New Basic"), which allegedly bought Old Basic's assets.[4]

Companies like Total and the Basics need specialized software. At first, Total and Old Basic got theirs from WEX, which sells access to a benefits platform.[5] In 2010, Total signed an

---

[1] Doc. #19 at 5 (¶ 16).
[2] *Id.* at 9 (¶ 59).
[3] *Id.* at 5 (¶ 21).
[4] *Id.* at 8 (¶¶ 45–49).
[5] *Id.* at 5–6, 9 (¶¶ 16–17, 23, 59).

1

"Application Services Agreement" that let its customers use WEX's platform.[6] The agreement says that it shall be governed by Minnesota law and that "the parties shall settle any controversy arising out of this Agreement by arbitration in Minneapolis, Minnesota, in accordance with the Commercial Arbitration Rules of the American Arbitration Association."[7]

In 2018, WEX signed a similar deal with Old Basic.[8] When Old Basic's assets were bought the next year by New Basic and Total, WEX thought that "New BASIC assumed all of Old BASIC's contractual obligations."[9] So WEX stopped dealing with Old Basic and let New Basic's customers use its platform.[10]

Later that year, Total decided to stop offering the WEX platform to its customers and instead develop the software in house on a proprietary platform.[11] WEX agreed to help with the move.[12] Total and WEX signed a "Statement of Work."[13] Under the Statement, Total would give WEX the names of customers it wanted removed, then WEX would take them off the platform.[14]

In contrast to the 2010 agreement, the parties did not stipulate to arbitrate any disputes relating to the Statement. Instead, the parties "agree[d] and consent[ed] to submit any and all suits, actions, or proceedings arising out of or relating to this Statement of Work solely to the jurisdiction of the Superior Court of the State of Connecticut, Hartford County, or the United States District Court, Hartford, Connecticut."[15]

---

[6] Doc #39.
[7] *Id.* at 8 (¶¶ 15.1, 17.1).
[8] Doc. #19 at 6 (¶ 25).
[9] *Id.* at 8 (¶¶ 52).
[10] *Id.* at 8–9 (¶¶ 52–53).
[11] *Id.* at 9 (¶ 60).
[12] *Id.* at 9 (¶¶ 60–61).
[13] The record includes two agreements titled "Statement of Work" from 2019 and 2020 that contain identical language as relevant here. Docs. #38-1, #38-2.
[14] Doc. #19 at 10 (¶ 63).
[15] Doc. #38-2 at 11 (¶ 11).

Total began to send WEX names of customers, and WEX removed them.[16] But then came trouble. The main issue, says WEX, is that some of the customers that Total asked WEX to remove were not original Total customers. Instead, they were former *Old Basic* customers that came to Total in the sale. According to WEX, the Statement covers only original Total clients. By having WEX remove former Old Basic customers, WEX says, Total breached the Statement.[17] Plus, WEX adds, Total breached the Statement in two other ways: it never paid WEX for removing some customers, and it failed to make reimbursements it promised in the Statement.[18]

WEX has filed this lawsuit against Total, Old Basic, and New Basic. As relevant here, WEX alleges four counts against Total. It alleges that Total breached the Statement (Count Two). It likewise alleges that Total breached the covenant of good faith and fair dealing (Count Eight).

WEX also alleges two more counts against Total that relate to its claims against New Basic as well. Some of WEX's claims against New Basic rest on the theory that when New Basic bought Old Basic's assets, it also assumed Old Basic's contract with WEX. But, in the event that New Basic did not really assume Old Basic's contract, WEX alleges that Total tricked it into thinking that New Basic did. According to WEX, this was all part of Total's scheme to wrongly siphon off accounts from WEX.[19] WEX thus alleges claims against Total under the Connecticut Unfair Trade Practices Act (Count Three) and for tortious interference with contract (Count Six).

The merits aside, Total thinks that under the 2010 contract, all of WEX's claims against it must be arbitrated in Minnesota. So it has moved to dismiss the complaint or compel arbitration.

---

[16] Doc. #19 at 12–13 (¶¶ 88–94).
[17] *Id.* at 13 (¶¶ 92–94).
[18] *Id.* at 15, 17 (¶¶ 114, 132).
[19] *Id.* at 21 (¶¶ 149–50).

WEX responds that the Statement, not the 2010 contract, controls—so it argues that the case belongs in this Court where it has been filed.

## DISCUSSION

When deciding a motion to compel arbitration, a court must apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Courts must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, ... together with ... affidavits," and must "draw all reasonable inferences in favor of the non-moving party." *Ibid.*[20]

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, requires enforcement of agreements to arbitrate, embodying "a national policy favoring arbitration." *Nicosia*, 834 F.3d at 228–29; *accord Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019). Still, arbitration "is a matter of consent, not coercion," and therefore the FAA "does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478–79 (1989).

Total argues that the arbitration clause of the 2010 contract covers WEX's claims. I agree. The clause covers "any controversy arising out of [the 2010 contract]." That contract, in turn, governs Total's use of the WEX platform. This case arises out of that use. So the arbitration clause covers it.

The problem for Total is that the forum selection clause from the 2019 Statement *also* covers WEX's claims. It applies to "all suits, actions, or proceedings arising out of or relating to th[e] Statement." Count Two alleges a breach of the Statement. Count Eight recasts part of Count Two as a good-faith claim. Counts Three and Six allege a deceptive plan that includes the

---

[20] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

claimed breach. So all the counts against Total "relate to" the Statement, and thus may be brought "solely" in a Connecticut court.

If a case may be brought solely in a Connecticut court, it cannot also be arbitrated in Minnesota. One of the contracts must give way. The earlier one does: "[A]n agreement to arbitrate is superseded by a later-executed agreement containing a forum selection clause if the clause specifically precludes arbitration." *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 764 F.3d 210, 215 (2d Cir. 2014); *SLSJ, LLC v. Kleban*, 2015 WL 1973307, at *22 (D. Conn. 2015) (same). Because the Statement precludes arbitration, it controls.

Total's responses are unpersuasive. First, Total argues that the Second Circuit's ruling in *Goldman, Sachs* does not apply because the Statement's forum selection clause is not mandatory and does not mention arbitration. But the Statement is mandatory and preclusive because it provides that any suits, actions, or proceedings shall "solely" be brought in a Connecticut court. And *Goldman, Sachs* makes clear that in order for a later forum selection clause to trump a prior agreement to arbitrate, "there is no requirement that the forum selection clause mention arbitration." 764 F.3d at 215.[21]

Second, Total points to the 2010 contract, which says that "the terms of this Agreement" trump those of any future "Additional Services Agreement."[22] This provision, Total argues, means that the arbitration clause overrides the forum selection clause. I do not agree. To start, the Statement is not an "Additional Services Agreement." The 2010 contract defines an Additional Services Agreement as "a separate Exhibit … to be attached hereto."[23] But the Statement is not

---

[21] Although Total argues that *Goldman, Sachs* conflicts with the Supreme Court's earlier decision in *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 561 U.S. 287 (2010), the *Goldman, Sachs* decision cites *Granite Rock*, and I am bound by the subsequent precedent of the Second Circuit.
[22] Doc. #39 at 9 (¶ 17.6).
[23] *Id.* at 7 (¶ 12.2).

5

an exhibit to the 2010 contract; it is a standalone contract with its own boilerplate.[24] Anyway, if Total's reading of the contract were right, the contract would be unenforceable under the law of Minnesota that governs the 2010 contract: "Ordinarily, under contract law, a provision purporting to prohibit modification of a contract except by a specified method does not prevent the parties to the contract from modifying it by some other method." *Goshey v. ITT Life Ins. Corp.*, 590 F.2d 737, 740 (8th Cir. 1979) (applying Minnesota law).

Third, Total argues that the arbitration clause must apply because the Statement incorporates the 2010 contract. But Total has it backwards; the Statement is "incorporat*ed*" into the 2010 contract.[25] And once incorporated into the contract, the Statement can amend it. Here, it does.

Finally, Total argues that WEX's case relies on promises that do not appear in the Statement, and so does not really relate to the Statement. But that is just a defense on the merits. If that defense proves right, then Total will win. But under the Statement, the parties have agreed that *this* Court must decide what rights arise from and relate to the Statement.

## CONCLUSION

The motion to dismiss or compel arbitration (Doc. #29) is DENIED.

It is so ordered. Dated at New Haven this 3rd day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[24] Docs. #38-1, #38-2.
[25] Doc. #38-2 at 1.